UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERMINA CORONA, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 1:12-cv-01844- LJO - JLT <br><br> FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS <br><br> (Doc. 28) |

J & J Sports Productions, Inc. ("Plaintiff") seeks an award of attorneys' fees and costs pursuant to 47 U.S.C. § 553, following the entry of default judgment. (Doc. 28.) Defendant Raul Ortega Corona, individually and doing business as Coronas Cantina Y Comida ("Defendant") has not opposed the motion.[1]

The Court denied the request for costs without prejudice, and referred the remaining issue— whether attorneys' fees should be awarded— pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72 for the entry of Findings and Recommendations. (Doc. 29.) For the following reasons, the Court recommends Plaintiff's motion for attorneys' fees be **GRANTED**.

///

///

---

[1] Defendant has not appeared in this action. However, Plaintiff's proof of service indicates Defendant was served with this motion on February 21, 2014. (Doc. 28 at 7.)

1

# I. Factual and Procedural History

Plaintiff asserted it possessed the exclusive rights to the nationwide commercial distribution of "Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program" ("the Program") televised on November 12, 2011. (Doc. 1 at 4.) Plaintiff alleged Defendant intercepted and broadcast the Program in Coronas Cantina Y Comida without purchasing a proper sublicense from Plaintiff. (*Id.* at 3-4.) Accordingly, Plaintiff filed its complaint against Defendant on November 9, 2012, alleging violations of 47 U.S.C. § 605, *et seq.*; 47 U.S.C. § 533, *et seq.*; and the California Business and Professions Code § 17200, *et seq*. Further, Plaintiff alleged Defendant was liable for wrongful conversion of property, arising under California State law. *Id.* at 4-9.

Defendant was properly served with the First Amended Complaint, but failed to respond within the time prescribed by the Federal Rules of Civil Procedure. Upon application of Plaintiff, default was entered against Defendant pursuant to Fed. R. Civ. P. 55(a) for the failure to answer on February 7, 2013. (Docs. 6, 8-9.) Plaintiff filed an application for default judgment (Doc. 13), which was granted in part by the Court on February 7, 2014. (Docs. 18, 26.) Accordingly, judgment was entered in favor of Plaintiff and against Raul Ortega Corona, individually and doing business as Coronas Cantina Y Comida. (Doc. 27.)

The Court ordered Plaintiff to "file any application for attorney fees and costs pursuant to 47 U.S.C. § 605 no later than fourteen days from the entry of judgment." (Doc. 22 at 6). On August 7, 2013, Plaintiff filed the motion for attorneys' fees and pursuant to 47 U.S.C. § 553, which is now pending before the Court.[2] (Doc. 24).

# II. Legal Standard

The Court has the discretion to award reasonable attorneys' fees and costs to an aggrieved party under 47 U.S.C. § 553(c)(2)(C).[3] The Ninth Circuit utilizes a "lodestar" method to compute reasonable

---

[2] Because Plaintiff has filed the motion pursuant to § 553, the Court presumes Plaintiff has elected to forego the mandatory recovery of fees and costs provided in § 605, which instructs: "[The court] *shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added); *see also Joe Hand Promotions, Inc. v. White,* 2011 U.S. Dist. LEXIS 148057, at *6 (N.D. Cal. Dec. 6, 2011) ("fees under Section 553(c)(2)fees are discretionary and awarded where reasonable").

[3] Because judgment has been entered in favor of Plaintiff for Defendant's wrongful broadcast of the Program, it is undisputed that Plaintiff is an aggrieved party pursuant to §§ 605 and 553.

2

attorneys' fees, which represents the number of hours reasonable expended multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). Consequently, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If the documentation of hours is inadequate, or if the hours expended are excessive and unnecessary, the Court may reduce the number of hours claimed. *Chalmers*, 796 F.2d at 1210; *Hensley*, 461 U.S. at 433.

### III.     Discussion and Analysis

Plaintiff requests an award of fees in the amount of $2,463.75. (Doc. 28 at 6.) Plaintiff's counsel, Thomas Riley, reports that his firm spent 13.60 hours in this action, from the preparation of a file and initial demand letter to the filing of the motion now pending before the Court. (Riley Decl. Exh. 1, Doc. 28-1 at 5-7). This amount includes 1.45 hours for Mr. Riley at a rate of $450.00 per hour, 3.00 hours for a paralegal at a rate of $150.00 per hour, 6.30 hours for an administrative assistant at a rate of $75.00 per hour, and 3.00 hours for an unidentified "research attorney" at the rate of $300.00 per hour. (*Id.* at 7.) According to Mr. Riley, he and the administrative assistant worked a total of 1.95 hours at no charge." (*Id.*)

#### A.     Number of hours expended

As an initial matter, the records indicate Plaintiff seeks fees for the filing and service of documents by an administrative assistant. Such clerical tasks are not compensable because they are subsumed in firm overhead costs. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). The Ninth Circuit explained that "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Id.* (citing *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1545-46 (9th Cir. 1992)); *see also Junes v. Metro. Life Ins. Co.*, 845 F.Supp.2d 1016, 1027 (N.D. Cal. 2012) (disallowing recovery for "filing or retrieving electronic court documents"). Further, the timesheet indicates the administrative assistant and Mr. Riley completed several duplicative tasks. For example, on January 16, 2012, both the administrative assistant and Mr. Riley spent 0.15 hour on "Initial File Review and File Preparation." (Doc. 28-1 at 5.) On October 30, 2012, the administrative

1 assistant conducted a "Public Records Research and Review of Raul Ortega Corona" for 0.25 hour.
2 (*Id.*)  Mr. Riley seeks 0.25 hour for the same task, on the same day.  (*Id.*)
3    In addition, the records do not specify how much time the administrative assistant spent on the
4 preparation of documents compared the filing and serve of the documents.  Rather, the time entries are
5 presented in a "block" format, "which bundles tasks in a block of time, [and] makes it extremely
6 difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*,
7 2011 U.S. Dist. LEXIS 63667, at *13 (D. Ore. June 8, 2011); *see also Welch v. Metro. Life Ins.*, 480
8 F.3d 942, 948 (9th Cir. 2007) ("block billing makes it more difficult to determine how much time was
9 spent on particular activities").  Although counsel is "not required to record in great detail how each
10 minute of his time was expended," *Hensley*, 461 U.S. at 427 n.12, he nevertheless "bears the burden of
11 submitting detailed time records justifying the hours claimed to have been expended."  *Chalmers v. Los
12 Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir.
13 1987).  Accordingly, the Ninth Circuit has explained that, where the attorney presents time expended in
14 "blocks," the Court may "simply reduce[] the fee to a reasonable amount."  *Fischer v. SJB-P.D. Inc.*,
15 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the
16 district court's authority to reduce hours that are billed in block format").  Given the lack of specificity
17 and the clerical and duplicative nature of the tasks, the Court recommends fees not be awarded for tasks
18 completed by the administrative assistant.
19    **2.    Hourly rate**
20    To determine whether the hourly rates requested are reasonable, the Court must examine the
21 prevailing market rates in the relevant community for similar services by "lawyers of reasonably
22 comparable skill, experience and reputation."  *Hensley*, 461 U.S. at 433; *Davis*, 976 F.2d at 1545-46.
23 In general, the relevant community is the forum of the District Court with jurisdiction over the matter.
24 *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991).  Accordingly, the Court must determine
25 whether the hourly rates requested are reasonable within the Eastern District.
26    The Ninth Circuit explained: "To inform and assist the court in the exercise of its discretion, the
27 burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own
28 affidavits—that the requested rates are in line with those prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). Here, Mr. Riley asserts the "rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California." (Riley Decl. ¶ 6, Doc. 28-1 at 2). However, the Central District is not the relevant community. *See Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011) (where a case is tried in the Fresno Division of the Eastern District of California, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate…").

There is no evidence before the Court that the hourly rates requested are in line with wages of those practicing this community. Nevertheless, previously, this Court has determined that $350 per hour is a reasonable hourly rate for "(very) experienced and skilled trial counsel" within the Fresno Division of the Eastern District. *Jadwin*, 767 F. Supp. 2d at 1132; *see also Moreau v. Daily Independent,* 2013 U.S. Dist. LEXIS 29085, 2013 WL 796621 at *3 (E.D. Cal. Mar. 1, 2013) (approving a rate of $350 for attorneys with more than 20 years of experience). Thus, the reasonable hourly rate for an attorney of Mr. Riley's experience is $350.

Plaintiff also requests an hourly rate of $150 per hour for the work performed by a paralegal and $300 per hour for an unidentified research attorney. (Doc. 28-1 at 2.) However, there is no evidence of the research attorney's experience, and the rates requested are not in line with the hourly wages of paralegals within the Fresno Division. This Court has determined that $150 per hour is the "established rate" for associate attorneys, and "$75 for paralegals [is] reasonable for litigation performed in this district." *Moreau*, 2013 WL 796621 at *3. Accordingly, the hourly rate for the paralegal and research attorney should be reduced to be in accord with the amount determined to be reasonable by the Court.

**IV.   Findings and Recommendations**

The Court finds an award of fees and costs is appropriate for Plaintiff as an aggrieved party under 47 U.S.C. § 553. However, as set forth above, the amount of time expended on the action appeared excessive given the clerical and duplicative tasks by the administrative assistant, although the hours expended by Mr. Riley and his paralegal appear reasonable. Further, the hourly wages requested by Mr. Riley are not comparable with wages in the Fresno Division of the Eastern District. Therefore, the Court recommends the fee award be reduced to $1,132.50—which represents 3.00 hours at a rate of

$75 per hour for the paralegal, 3.00 hours at a rate of $150 per hour for the research attorney, and 1.45 hours at a rate of $350.00 for Mr. Riley.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**: Plaintiff's motion for attorneys' fees (Doc. 28) be **GRANTED** in the modified amount of $**1,132.50**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 16, 2014**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE